IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 07-279-02-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| HOMERO SANCHEZ-CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Jennifer J. Martin
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204

    Attorneys for Plaintiff

George Paul Trejo, Jr.
701 No. 1st Street, Suite 103
Yakima, Washington  98901

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Sanchez-Cruz is charged with conspiracy to manufacture marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) and 846. Before the court is Sanchez-Cruz's Motion to Dismiss Based on a Violation of the Right to a Speedy Trial (#73).

Sanchez-Cruz moves to dismiss the indictment because of a violation of his rights under the Speedy Trial Act. He was arraigned on September 17, 2007 in a Superseding Indictment adding co-defendant Agustin Sanchez to the case. Sanchez-Cruz does not complain about any of the continuances until the one granted in court on November 27, 2007, over his objection. Trial is set for January 29, 2007. All nonfugitive co-defendants asked for the trial to be continued.

Sanchez-Cruz notes that he is the only defendant who did not implicate himself in the marijuana grow operation. He theorizes that the continuance was needed to get additional time for the government to negotiate cooperation agreements from the co-defendants. Sanchez-Cruz has not filed a motion to sever and did not provide any reasons in court sufficient to sever his trial from the trial of his co-defendants.

Generally under the Speedy Trial Act, trial must start within 70 days from the filing date of the indictment or from the date on which the defendant makes a first appearance, whichever is later. 18 U.S.C. § 3161(c)(1). One exclusion states: "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Id. at § 3161(h)(7).

The clock starts on the day the last co-defendant was arraigned on the Superseding Indictment, September 17, 2007. Three days elapsed to September 20, 2007, when Sanchez-Cruz filed a motion to continue the trial. I set the trial date for November 27, 2007 and found

Page 2 - OPINION AND ORDER

excludable delay, for the purpose of continuing investigation, until November 30, 2007. I held a status conference with all co-defendants on November 27, 2007, reset the trial over Sanchez-Cruz's objection to January 29, 2008, and found excludable delay to February 1, 2008, again for continuing investigation.

Three days had elapsed prior to November 27, 2007, leaving 67 days on the Speedy Trial clock. Those 67 days do not run until February 4, 2008, a week after the trial should start. Thus, Sanchez-Cruz's argument is unpersuasive even if I erred in granting the period of excludable delay on November 27, 2007. Counting the second excludable delay, the clock runs until mid-April 2008. Because the co-defendants insisted that they needed additional time to prepare for trial, and Sanchez-Cruz has not given me sufficient reason to sever his trial, I am still convinced that the second excludable delay period is reasonable and comports with the Act. Accordingly, Sanchez-Cruz's rights under the Speedy Trial Act have not been violated.

Sanchez-Cruz also argues that his Sixth Amendment rights were violated by continuing the trial date.

The court analyzes a possible violation of the Sixth Amendment right to a speedy trial by balancing four factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant." United States v. Gregory, 322 F.3d 1157, 1161 (9th Cir. 2003). The length of delay is a threshold issue. The court does not proceed past this first factor unless the defendant shows "that the period between indictment and trial passes a threshold point of presumptively prejudicial delay." Id. (internal quotation omitted). Delays–measured from the time of indictment to the time of trial–approaching one year are presumptively prejudicial. The Ninth Circuit has found a six-

Page 3 - OPINION AND ORDER

month delay to be a borderline case but has observed a general consensus among the circuits that eight months constitutes the threshold minimum. Id. at 1162 and n.3.

Sanchez-Cruz was indicted on July 12, 2007 but not arrested until July 26, 2007. The delay between his arrest and trial will be six months. Thus, the delay is not presumptively prejudicial and, under the analysis, I do not consider the other three factors. Sanchez-Cruz's Sixth Amendment right to a speedy trial has not been violated.

Accordingly, I deny Sanchez-Cruz's Motion to Dismiss Based on a Violation of the Right to a Speedy Trial (#73).

IT IS SO ORDERED.

Dated this          4th          day of January, 2008.

                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge